UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH BREFO-SARPONG,

                         Petitioner,

                                                    Case No. 21-CV-06676-FPG

v.

ANTHONY ANNUCCI,

                                                     DECISION AND ORDER

                         Respondent.

## INTRODUCTION

Under 28 U.S.C. § 2254, *pro se* Petitioner Joseph Brefo-Sarpong brings this habeas petition challenging, *inter alia*, an adverse disciplinary determination that occurred at Orleans Correctional Facility after Petitioner harassed a female librarian and attempted to trade personal items for facility owned property. ECF No. 1. Respondent Anthony Annucci opposed the petition. ECF Nos. 7, 8. Shortly thereafter, Petitioner filed a motion for summary judgment, in which he appears to assert that alleged procedural deficiencies in underlying state court proceedings require the Court to grant his § 2254 petition. ECF No. 9. In connection with his summary judgment motion, Petitioner moved for an evidentiary hearing. ECF No. 11.

For the reasons set forth below, Petitioner's request for habeas relief is DENIED, the petition is DISMISSED, and Petitioner's motions for summary judgment and an evidentiary hearing are DENIED AS MOOT.

## BACKGROUND

In 2018, Petitioner was convicted of operating as a major trafficker in violation of N.Y. Penal Law § 220.77. ECF No. 7 at 5. Petitioner was sentenced to a prison term of eight-and-one-half-years and incarcerated at New York State's Orleans Correctional Facility. *Id*. at 3. In October

2020, Petitioner was charged with four violations of Standards of Inmate Behavior under 7 N.Y.C.R.R. § 270.2 because he, *inter alia*, harassed a female librarian with a lewd comment ("nice view") when she climbed on top of a chair to repair a ceiling fan, *id*. at 5-7, and attempted to trade several magazines he owned for a magazine from the facility library. *Id*.

On November 4, 2020, Petitioner was found guilty of all four infractions at a disciplinary hearing, at which the administrative body received testimony from the librarian and the correctional officer that had prepared a misbehavior report that led to the Petitioner's charges. *Id*. at 6-7. Petitioner consequently lost one month of good-time credit and other facility privileges. *Id*. at 7. Petitioner appealed the decision internally, but on December 30, 2020, it was affirmed. *See* ECF No. 8-2 at 135.

On April 8, 2021, Petitioner commenced a N.Y. C.P.L.R. Article 78 proceeding in Orleans County Supreme Court. ECF No. 7 at 7. Respondent filed an answer, arguing for transfer of Petitioner's claims to the Appellate Division. *Id*. On July 8, 2021, Petitioner's claims were transferred to the Appellate Division because Petitioner had raised a substantial evidence issue, appropriate for the Appellate Division's review. *Id*. at 7-9. Petitioner was notified of the transfer. *Id*. at 9. Before the transfer, Petitioner had filed with the Orleans County Supreme Court a motion to compel Respondent to file a "proper" answer that included a transcript of the disciplinary hearing. ECF No. 1 at 11-26. The motion was not decided by the Orleans County Supreme Court before Petitioner's claims were transferred to the Appellate Division. *Id*. at 6-8.

On July 20, 2021, the Appellate Division issued a scheduling order and informed Petitioner that his case would be dismissed if he did not file a brief with the Appellate Division or seek an extension of time by August 30, 2021. *Id*. at 9. Petitioner did not submit any filing to the Appellate Division in accordance with the scheduling order or otherwise. *Id*. On August 10, 2022, Petitioner,

instead, filed a motion with the Orleans County Supreme Court in which he sought to renew or reargue its transfer order, and he again alleged defects in Respondent's answer. *Id*. On October 5, 2021, the Court denied Petitioner's motion stating that Petitioner was required to file such a motion and raise such allegations with the Appellate Division. *See* ECF No. 3 at 6-7. When Petitioner's deadline to file with the Appellate Division expired, the Appellate Division dismissed his claims on August 30, 2021. ECF No. 7 at 8. Meanwhile, the statute of limitations for Petitioner's claims challenging the disciplinary hearing expired in accordance with N.Y. C.P.L.R. § 217(1).[1]

On November 4, 2021, Petitioner filed the present petition. ECF No. 1. Petitioner challenges, *inter alia*, his adverse disciplinary determination and loss of good-time credits. *See* ECF No. 1. Petitioner alleges, as he did in his Article 78 proceeding, that (i) his Sixth Amendment Confrontation Clause rights were violated at his disciplinary hearing; (ii) a misbehavior report filed after the incidents in question was "vague and violated due process"; (iii) the state courts failed to compel Respondent to file a proper answer with transcripts of certain witness testimony, in violation of New York State law; and (iv) the Orleans County Supreme Court violated Petitioner's right to notice and an opportunity to be heard. *See* ECF No. 1 at 8-9.

On November 10, 2021, this Court issued an Order to Show Cause directing Petitioner to demonstrate "why his [p]etition should not be dismissed based on his failure to exhaust his state court remedies with respect to the disciplinary determination and hearing at issue." *See* ECF No.

---

[1] N.Y. C.P.L.R. § 217(1) provides:

> Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he represents in law or in fact, or after the respondent's refusal, upon the demand of the petitioner or the person whom he represents, to perform its duty; or with leave of the court where the petitioner or the person whom he represents, at the time such determination became final and binding upon him or at the time of such refusal, was under a disability specified in section 208, within two years after such time.

2 at 1.  On December 9, 2021, Petitioner filed a response, largely reiterating arguments made in the present petition.  *See* ECF No. 3.

On June 21, 2022, Respondent filed its response to Petitioner's petition, arguing that Petitioner's claims were not procedurally exhausted in the state courts and are therefore barred from federal habeas review.  ECF No. 8.  On July 25, 2022, Petitioner filed his motion for summary judgment in which he alleged procedural defects in respondent's answer, renewing arguments made in the present petition.  ECF No. 9.[2]  On September 2, 2022, Petitioner filed his motion for an evidentiary hearing.  ECF No. 11.

## LEGAL STANDARD

28 U.S.C. § 2254 allows a petitioner to challenge his imprisonment from a state criminal judgment on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Where the petitioner raises a claim that was adjudicated in state-court proceedings, he is only entitled to relief if that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.* § 2254(d)(1), (2).

"A principle is 'clearly established Federal law' for § 2254(d)(1) purposes only when it is embodied in a Supreme Court holding, framed at the appropriate level of generality."  *Washington v. Griffin*, 876 F.3d 395, 403 (2d Cir. 2017) (internal quotation marks, brackets, and citations

---

[2] While rare, a district court hearing a petition for the writ of habeas corpus may hear motions for summary judgment within that context, as in civil litigation.  The Rules Governing Section 2254 Cases in United States District Courts establish that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." 28 U.S.C. § 2254 (Rule 11).  *See Whitaker v. Meachum*, 123 F.3d 714, 716 (2d Cir. 1997).

omitted). "A state court decision is 'contrary to' such clearly established law when the state court either has arrived at a conclusion that is the opposite of the conclusion reached by the Supreme Court on a question of law or has decided a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Id.* (internal quotation marks omitted). "An unreasonable application occurs when the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case, so that the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (internal quotation marks and ellipses omitted). In analyzing a habeas claim, "[f]ederal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with clear and convincing evidence." *Hughes v. Sheahan*, 312 F. Supp. 3d 306, 318 (N.D.N.Y. 2018) (internal quotation marks omitted). "A state court decision is based on a clearly erroneous factual determination if the state court failed to weigh all of the relevant evidence before making its factual findings." *Id.*

Where, as here, the petitioner is proceeding *pro se*, the district court must read the pleadings liberally and construe them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## DISCUSSION

Petitioner alleges, *inter alia*, that the Orleans Correctional Facility disciplinary hearing violated his Sixth Amendment Confrontation Clause rights and his due process rights, and further alleges that the state courts violated his due process rights and New York State law. ECF No. 1. Because Petitioner failed to exhaust his state court remedies and his claims are procedurally defaulted, Petitioner's claims are barred from federal habeas review and the petition must be

dismissed.  In addition, because the issues raised in Petitioner's motions for summary judgment and an evidentiary hearing are duplicative of or closely linked to the issues raised in the present petition, each motion must be denied as moot.  The Court addresses the petition and the motions in turn.

## I.    The Petition

### A.  Exhaustion

Because Petitioner failed to file a brief in his C.P.L.R. Article 78 proceeding to the Appellate Division and failed to appeal the Appellate Division's dismissal of the proceeding, Petitioner's claims are unexhausted.

"An application for a writ of habeas corpus on behalf of a person pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in courts of the state."  28 U.S.C. § 2254(b)(1)(A).  A petitioner must give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). When the constitutionality of a prison disciplinary hearing, not a state conviction, is challenged, a petitioner must first pursue his administrative appeals, *see* N.Y. COMP. CODES R. & REGS tit. 7, §§ 253-54; 7 N.Y.C.R.R §§ 253-354, then pursue a N.Y. C.P.L.R. Article 78 proceeding through to its conclusion, namely, an application for leave to appeal to the New York State Court of Appeals.  *See Williams v. Hupkowicz*, No. 04-CV-0051F, 2004 WL 1197354, at *4 (W.D.N.Y. June 1, 2004); *Rossney v. Travis*, No. 00-CV-4562, 2003 WL 135692, at *5 (S.D.N.Y. Jan. 17, 2003) ("Petitioner satisfied the exhaustion requirement by presenting his claims in the Article 78 proceeding, the dismissal of which was affirmed, and leave to appeal to the Court of Appeals of

New York was denied"); *see also Giakoumelos v. Coughlin*, 88 F.3d 56, 57-58 (2d Cir. 1996) (collecting cases and describing procedure for exhausting a challenge to a disciplinary hearing).

Here, Petitioner filed the requisite administrative appeals and commenced an Article 78 proceeding, which was subsequently transferred from the Orleans County Supreme Court to the Appellate Division.  Before transfer, Petitioner had filed a motion to compel, which he argues was "overlooked" when the action was transferred.  ECF No. at 11-12.  Petitioner filed a motion in the Orleans County Supreme Court to renew argument of the motion to compel, but it was denied, and Petitioner was directed to raise any such issue with the Appellate Division, where the action had been transferred.  Petitioner appears to argue that he cannot exhaust his state court remedies because his motion to compel a proper answer was not decided before the petition was transferred. ECF No. 1 at 7-8.  This is not the case.

After Petitioner's Article 78 proceeding was correctly transferred to the Appellate Division because it had raised a substantial evidence issue, *see* C.P.L.R. 7804(g), Petitioner was served with notice of the transfer.  As discussed, the Appellate Division issued a Scheduling Order which advised Petitioner to file a brief or motion for extension of time by a specific deadline, or Petitioner's action would be dismissed.  Petitioner did not submit any filings to the Appellate Division and the case was dismissed on August 30, 2021.  Instead, Petitioner filed the above motion with the Orleans County Supreme Court, ignoring the Appellate Division's directive.  After the Appellate Division dismissed his claims in accordance with the scheduling order, Petitioner did not move to vacate the dismissal or otherwise attempt to file an untimely brief.  Nor did Petitioner seek leave to appeal the dismissal.  Petitioner allowed the Appellate Division's deadline to pass, which caused dismissal of his claims, then sought federal review.

Because Petitioner failed to perfect his Article 78 proceeding before the Appellate Division and failed to seek leave to appeal from the Court of Appeals, his claims in the present petition are unexhausted. *See Smith v. Superintendent, Attica Corr. Facility*, No. 9:12-CV01362, 2014 WL 12972887, at *4 (N.D.N.Y. July 18, 2014).

While a failure to exhaust may be excused under 28 U.S.C. § 2254(b)(1)(B) where a petitioner can demonstrate an absence of available state corrective processes or other circumstances that render such processes ineffective to protect the rights of the applicant, *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001); *Tripathy v. Schneider*, 473 F. Supp. 3d 220, 229 (W.D.N.Y. 2020), previously unexhausted claims may be heard by a federal district court only if the state offers no corrective process at all or its process is "so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Here, state corrective processes were indisputably available to Petitioner and there is no indication that circumstances existed that could have rendered such processes ineffective. As discussed, Petitioner needed only file a brief with the Appellate Division and complete the remaining appeals process to exhaust his state remedies. For these reasons, Petitioner's failure to exhaust is not excused.

### B.  Procedural Default

In addition, Petitioner's unexhausted claims are procedurally defaulted because the four-month statute of limitations for his claims has expired. *See* N.Y. C.P.L.R. 217(1). Petitioner cannot return to state court to raise claims.

On December 30, 2020, the four-month period began to elapse because Petitioner was notified that the disciplinary determination had been affirmed on administrative appeal. *Stevenson v. Prack*, 120 A.D.3d 1465, 1465 (3d Dep't 2014); *Blanche v. Selsky*, 13 A.D.3d 681, 682 (3d Dep't 2004) ("[R]eceipt of the final determination . . . triggered the four-month statute of

limitations period."). Because petitioner cannot now return to state court to exhaust his claims, the claims are procedurally defaulted from federal habeas review. *See Ramirez v. Att'y Gen.*, 280 F.3d 87, 94 (2d Cir. 2001); *Smith*, 2014 WL 12972887, at \*5; *Phelan v. Superintendent of the Great Meadow Corr. Facility*, No. 11-CV-06127, 2012 WL 1190169, at \*3 (W.D.N.Y. Apr. 9, 2012).

Procedural default may be excused in only limited circumstances. A petitioner's procedural default may be excused when the petitioner shows (i) cause for his failure to raise his claims in the state courts in accordance with state procedures and "actual prejudice" resulting from this Court's failure to entertain the claims, or (ii) demonstrate that failure to review the claims will result in a "fundamental miscarriage of justice." *See Murray v. Carrier*, 477 U.S. 478, 485-96 (1986). "Cause" sufficient to excuse a failure to present a claim properly in state court requires the petitioner to show that "something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (emphasis in original). To show "prejudice," the petitioner must establish a "reasonable probability" that the result of the state proceeding would have been different but for the constitutional violation underlying the federal habeas claim. *Strickler v. Greene*, 527 U.S. 263, 289 (1999). Absent cause and prejudice, a petitioner can obtain habeas review only by establishing a fundamental miscarriage of justice—that is, "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495-96.

Here, Petitioner fails to show cause for his failure to abide by the Appellate Division's scheduling order or to complete the appeals process available in the state courts. No external cause contributed to Petitioner's decision to do so. Petitioner was free to file a brief with the Appellate

Division or seek an extension of time.  Petitioner similarly does not attempt to demonstrate that he was prejudiced by his procedural default.  In addition, Petitioner proffers no evidence that he is "actually innocent" of his violations, beyond mere protestations of innocence.  In short, Petitioner cannot establish a fundamental miscarriage of justice occurred.  Accordingly, Petitioner's claims remain procedurally defaulted.

**II.     Petitioner's Remaining Motions**

Petitioner has moved for summary judgment and an evidentiary hearing in connection with his pending § 2254 petition.  Both motions must be denied because (i) Petitioner's summary judgment motion recapitulates arguments made in the present petition, again alleging defects in Respondent's answer, and (ii) Petitioner's motion for an evidentiary hearing is inextricably linked to the alleged constitutional violations described in the present petition and his challenges to the manner in which the disciplinary was conducted.  That is, the validity of the issues alleged in Petitioner's remaining motions is predicated upon the viability of Petitioner's § 2254 petition.  Accordingly, because the Court has held that the claims advanced by the present petition are unexhausted, procedurally defaulted, and barred from federal habeas review, Petitioner's remaining motions are denied as moot.

## CONCLUSION

Petitioner's request for habeas relief is DENIED and his petition, ECF No. 1, is DISMISSED.  Petitioner's motion for summary judgment, ECF No. 9, and motion for an evidentiary hearing, ECF No. 11, are DENIED as moot.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. The Clerk of Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated:  November 4, 2022
       Rochester, New York

                                             HON. FRANK P. GERACI, JR.
                                             United States District Court Judge
                                             Western District of New York