UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH BREFO-SARPONG,

                              Petitioner,           21-CV-06676-FPG

v.

                                                           DECISION AND ORDER

ANTHONY ANNUCCI,

                              Respondent.
_____

## INTRODUCTION

On November 4, 2021, *pro se* Petitioner Joseph Brefo-Sarpong brought a habeas petition pursuant to 28 U.S.C. § 2254 challenging, *inter alia*, an adverse disciplinary determination that occurred while he was incarcerated at Orleans Correctional Facility. ECF No. 1. Respondent Anthony Annucci opposed the petition. ECF Nos. 7, 8. Petitioner then filed a motion for summary judgment, in which he asserted that alleged procedural deficiencies in his underlying state court proceedings required the Court to grant his habeas petition. ECF No. 9. In addition, Petitioner moved for an evidentiary hearing in connection with his summary judgment motion. ECF No. 11. In a Decision and Order dated November 4, 2022, the Court denied Petitioner's request for habeas relief and denied Petitioner's other motions as moot. ECF No. 12.

On November 23, Petitioner filed the present motion for miscellaneous relief pursuant to Federal Rule of Civil Procedure 60(b), in which he seeks relief from the Court's final judgment dated November 4, 2022. ECF No. 14. In the motion, Petitioner largely recapitulates arguments previously made before the Court in his habeas petition and summary judgment motion. *Id*. For the reasons set forth below, Petitioner's motion is DENIED.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) identifies circumstances in which a district court "may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The

Second Circuit has held that relief under Rule 60(b) "is available with respect to a previous habeas proceeding [] when the Rule 60(b) motion attacks the integrity of the habeas proceeding," rather than the "underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).

As an initial matter, Petitioner appears to assert a previously raised challenge to his underlying state court proceedings, rather than his habeas proceeding. *See id.* Petitioner maintains that he was deprived of a full and fair hearing because his motion to compel, filed in the Orleans County Supreme Court, was not decided before his case was transferred to the Appellate Division. ECF No. 14 at 4. Insofar as Petitioner is raising this argument to challenge the administration of the state court proceedings, such an argument is denied "as beyond the scope of Rule 60(b)." *Harris*, 367 F.3d at 82.

To the extent Petitioner challenges this Court's ruling on his habeas petition, he appears to raise two arguments.

First, Petitioner appears to argue that the Court incorrectly applied 28 U.S.C. § 2254(d)(1) to his petition, which requires a court to examine, *inter alia*, whether the underlying state court proceedings resulted in a constitutional violation, instead of § 2254(d)(2), which requires a court to examine whether the underlying state proceedings resulted in a decision that was based on an "unreasonable determination of the facts." *See* ECF No. 14. Second, Petitioner asserts that this Court, as well as the state courts, committed errors in its findings of fact and that this Court, in particular, misrepresented the factual and legal background of his case in the context of the habeas proceeding. *Id*. Petitioner asserts that "the background in the decision and order [dated November 4, 2022] is false and misleading" and requires correction. *Id*. at 3. Petitioner does not identify any particular factual error, yet maintains that the facts upon which the Court relied warrant a different outcome favorable to Petitioner. The Court addresses Petitioner's arguments in turn.

Rule 60(b)—in particular, subsection (b)(1)—is available for a court "to correct legal errors," including when the court has "overlooked certain parties' arguments or evidence in the record." *Olsen v. Steris Corp.*, No. 17-CV-4522, 2019 WL 3948022, at *2 (E.D.N.Y. Aug. 21, 2009); *see also* Fed. R. Civ. P. 60(b)(1) (stating that a court may grant relief on the basis of "mistake, inadvertence, surprise, or excusable neglect"). But the Court did not overlook Petitioner's legal arguments—they were simply without merit or not brought in his earlier submissions to the Court.

Petitioner cannot reasonably argue that his petition was brought pursuant to § 2254(d)(2). *See* ECF No. 1. This is because, in his habeas petition dated November 4, 2021, Petitioner asserted several constitutional violations that allegedly resulted from his underlying state court proceedings, including violations of his Sixth Amendment Confrontation Clause rights and his Fifth and Fourteenth Amendment due process rights. *Id*. In this petition and Petitioner's three subsequent filings before the Court, Petitioner repeatedly framed his petition and claims in constitutional terms and not once did he raise a claim that may reasonably be interpreted as alleging that the underlying state court proceedings were based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2); *see generally* ECF Nos. 1, 3, 9, 11. Despite the Court's duty to read *pro se* pleadings liberally and construe them "to raise the strongest arguments they suggest," the Court cannot reasonably construe the petition as having been brought pursuant to § 2254(d)(2). *Triestman v. Fed. Bur. Of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). This aspect of Petitioner's motion for miscellaneous relief is accordingly denied.

Next, Petitioner's claim that this Court misrepresented the factual and legal background of the underlying state court proceedings is without merit. Petitioner does not identify any specific factual error in the Court's Decision and Order dated November 4, 2022, but instead repackages his previously raised constitutional claims as "facts." Petitioner effectively asks the Court to assign

factual weight to his legal conclusions. For example, with respect to Petitioner's motion to compel discovery filed before the Orleans County Supreme Court, Petitioner claims that, because the motion was not heard before Petitioner's case was transferred to the Appellate Division, he was "deprived of a full and fair hearing," which was a "clear malfunction of the state." ECF No. 14 at 4. Petitioner's statement calls for a legal conclusion which is, in any event, without merit—as the Court previously articulated in its Decision and Order dated November 4, 2022. *See* ECF No. 12. As discussed, Petitioner needed only file a brief with the Appellate Division after his case was transferred there, but did not do so. *Id.* The Court has reviewed the remainder of the alleged factual misrepresentations Petitioner asserts, and similarly finds them to be without merit.

For the foregoing reasons, Petitioner's motion for miscellaneous relief, ECF No. 14, is DENIED.

IT IS SO ORDERED.

Dated: December 20, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York